**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Leonid Falberg, as representative of a class of similarly situated persons, and on behalf of The Goldman Sachs 401(k) Plan, <br><br> Plaintiff, <br><br> v. <br><br> The Goldman Sachs Group, Inc., The Goldman Sachs 401(k) Plan Retirement Committee, and John Does 1–20, <br><br> Defendants. | Case No. 19-CV-9910 (ER) |

**ANSWER OF DEFENDANTS THE GOLDMAN SACHS GROUP, INC. AND THE GOLDMAN SACHS 401(K) PLAN RETIREMENT COMMITTEE**

Defendants The Goldman Sachs Group, Inc. and The Goldman Sachs 401(k) Plan Retirement Committee (collectively, "Goldman Sachs"), by their undersigned counsel, respond as follows to the allegations in Plaintiff Leonid Falberg's Class Action Complaint, dated October 25, 2019 (the "Complaint").

Goldman Sachs incorporates into each such response a denial of all allegations in the Complaint (including those outside the knowledge and information of Goldman Sachs), except with respect to those specific allegations expressly admitted herein, and denies any averments in the headings and subheadings of the Complaint. Goldman Sachs intends to respond only to allegations directed at Goldman Sachs and not to those directed at "John Does 1-20." Goldman Sachs expressly denies that Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals in connection with his claims.

For the sake of clarity, and unless otherwise expressly stated, Goldman Sachs herein uses the defined terms and phrases set forth in the Complaint.  In doing so, however, Goldman Sachs does not concede that any such definitions are proper.

Goldman Sachs further responds to the specific allegations in the Complaint as follows:

1.      Goldman Sachs denies the allegations of paragraph 1, except it admits and avers that paragraph 1 purports to describe the nature of this action and the relief sought.

2.      Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, except it respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

3.      Goldman Sachs denies the allegations of paragraph 3, except it respectfully refers the Court to the cases cited and quoted therein for a complete and accurate statement of their contents.

4.      Goldman Sachs denies the allegations of paragraph 4.

5.      To the extent that the allegations of paragraph 5 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 5 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the statutory provisions and case cited and quoted therein for a complete and accurate statement of their contents.

6.      Goldman Sachs denies the allegations of paragraph 6.

7.      Goldman Sachs denies the allegations of paragraph 7.

8.     Goldman Sachs denies the allegations of paragraph 8, except it admits and avers that the Goldman Sachs Mid Cap Value mutual fund was available as a Plan investment option between October 25, 2013 and April 4, 2017.

9.     Goldman Sachs denies the allegations of paragraph 9.

10.     Goldman Sachs denies the allegations of paragraph 10.

11.     Goldman Sachs denies the allegations of paragraph 11, except it admits and avers that paragraph 11 purports to describe Plaintiff's claims.

12.     To the extent that the allegations of paragraph 12 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 12, except it admits and avers that paragraph 12 purports to describe the nature of this action and the relief sought.

13.     To the extent that the allegations of paragraph 13 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 13, except it admits and avers that paragraph 13 purports to describe the basis for the Court's subject-matter jurisdiction.

14.     To the extent that the allegations of paragraph 14 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 14, except it admits and avers that (i) paragraph 14 purports to describe the basis for venue in this action, and (ii) Goldman Sachs has its principal place of business in New York.

15.     Goldman Sachs denies the allegations of paragraph 15, except it (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 15, and (ii) admits and avers that Plaintiff is enrolled as a participant in the

Plan and was invested in one or more Goldman Sachs mutual funds in the Plan between October 25, 2013 and June 6, 2017.[1]

16.     Goldman Sachs admits the allegations of paragraph 16.

17.     Goldman Sachs avers that paragraph 17 asserts legal conclusions that do not require a response, and it respectfully refers the Court to the statutory provisions referenced and quoted therein for a complete and accurate statement of their contents.

18.     To the extent that the allegations of paragraph 18 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 18, except it (i) admits and avers that the Plan is intended to be a qualified plan under 26 U.S.C. § 401 and often is referred to as a "401(k) plan," and (ii) respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

19.     Goldman Sachs denies the allegations of paragraph 19, except it (i) admits and avers that Plan participants include current and former employees of Goldman Sachs, and (ii) respectfully refers the Court to the Plan Document (ECF No. 32, Ex. 1) for a complete and accurate statement of its contents.

20.     Goldman Sachs denies the allegations of paragraph 20, except it (a) admits and avers that (i) Plan Participants may direct a portion of their income into Plan contributions, (ii) Goldman Sachs may make matching or supplemental contributions to the Plan, and (iii) Plan assets are held in a trust that offers a range of investment options among which Participants may

---

[1] For purposes of this answer, the term "Goldman Sachs mutual funds" refers to the five mutual funds at issue in this case:  The Goldman Sachs Large Cap Value Fund, The Goldman Sachs Mid Cap Value Fund, The Goldman Sachs High Yield Fund, The Goldman Sachs Short Duration Government Fund, and The Goldman Sachs Core Fixed Income Fund.

allocate their Plan account, and (b) respectfully refers the Court to the Plan Document (ECF

No. 32, Ex. 1) for a complete and accurate statement of its contents.

        21.    Goldman Sachs denies the allegations of paragraph 21, except it admits

and avers that (i) the Plan's net assets ranged from approximately $5.4 billion in December 2012

to $7.6 billion in December 2017, and (ii) the number of Plan participants with balances ranged

from approximately 29,000 in January 2013 to 35,000 in January 2018.

        22.    Goldman Sachs denies the allegations of paragraph 22, except it admits

and avers that Plan participants can invest their assets in any offered single-strategy or target-

date investment options, but generally cannot invest in both at the same time.

        23.    Goldman Sachs denies the allegations of paragraph 23, except it admits

and avers that between 2013 and 2017, approximately 85-90% of the Plan's assets were held in

investment options offered on the single-strategy investment options menu.

        24.    To the extent that the allegations of paragraph 24 consist of legal

conclusions, no response is required or appropriate.  To the extent that a response is required,

Goldman Sachs denies the allegations of paragraph 24, except it respectfully refers the Court to

the (i) statutory provisions referenced and quoted therein and (ii) the Plan Document (ECF No.

32, Ex. 1) for a complete and accurate statement of their contents.

        25.    To the extent that the allegations of paragraph 25 consist of legal

conclusions, no response is required or appropriate.  To the extent that a response is required,

Goldman Sachs denies the allegations of paragraph 25, except it respectfully refers the Court to

(i) the statutory provisions referenced therein and (ii) the Plan Document (ECF No. 32, Ex. 1) for

a complete and accurate statement of their contents.

26.     To the extent that the allegations of paragraph 26 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 26, except it (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 26, and (ii) respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

27.     To the extent that the allegations of paragraph 27 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 27 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the statutory provision referenced and quoted therein for a complete and accurate statement of its contents.

28.     To the extent that the allegations of paragraph 28 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 28 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the cases cited and quoted therein for a complete and accurate statement of their contents.

29.     To the extent that the allegations of paragraph 29 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 29 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the cases and Department of Labor advisory opinion cited and quoted therein for a complete and accurate statement of their contents.

30.     To the extent that the allegations of paragraph 30 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 30 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the cases cited and quoted therein for a complete and accurate statement of their contents.

31.     To the extent that the allegations of paragraph 31 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 31 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the cases and statutory provision cited, referenced and quoted therein for a complete and accurate statement of their contents.

32.     To the extent that the allegations of paragraph 32 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 32 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the sections of the Restatement (Third) of Trusts cited, referenced and quoted therein for a complete and accurate statement of their contents.

33.     To the extent that the allegations of paragraph 33 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 33 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the statutory provision cited and quoted therein for a complete and accurate statement of its contents.

34.     To the extent that the allegations of paragraph 34 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 34 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the statutory provision and regulation cited therein for a complete and accurate statement of their contents.

35.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, except it admits and avers that management fees for the Goldman Sachs mutual funds are paid on a monthly basis.

37.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, except it admits and avers that paragraph 37 purports to describe "passive funds" and "actively managed funds."

38.     To the extent that the allegations of paragraph 38 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 38, except it (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 38, and (ii) respectfully refers the Court to the case and Department of Labor statement referenced therein for a complete and accurate statement of their contents.

39.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     To the extent that the allegations of paragraph 41 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 41, except it respectfully refers the Court to the statutory provision cited and quoted therein for a complete and accurate statement of its contents.

42.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, except it respectfully refers the Court to the "academic and financial industry literature" referenced therein for a complete and accurate statement of its contents.

43.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.     To the extent that the allegations of paragraph 44 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 44 completely and accurately describe the scope of fiduciary duties under ERISA.

45.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, except it respectfully refers the Court to the "academic and financial industry literature" referenced therein and to the specific article cited therein for a complete and accurate statement of their contents.

46.     To the extent that the allegations of paragraph 46 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 46 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the section of

the Restatement (Third) of Trusts cited therein for a complete and accurate statement of its

contents.

47.     Goldman Sachs denies the allegations of paragraph 47.

48.     Goldman Sachs denies the allegations of paragraph 48, except it admits

and avers that the Goldman Sachs Large Cap Value Fund, the Goldman Sachs Mid Cap Value

Fund, the Goldman Sachs High Yield Fund, the Goldman Sachs Core Fixed Income Fund, and

the Goldman Sachs Short-Duration Government Fund were included on the Plan's investment

option menu at the end of 2013.

49.     Goldman Sachs denies the allegations of paragraph 49, except it (i) denies

knowledge or information sufficient to form a belief as to the truth of the allegations of the

second and last sentences of paragraph 49, and (ii) respectfully refers the Court to the Plan's

Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan

participants pursuant to 29 C.F.R. § 2550.404a-5, for a complete and accurate statement of their

contents.

50.     Goldman Sachs denies the allegations of paragraph 50, except it (i) denies

knowledge or information sufficient to form a belief as to the truth of the allegations of the first

and last sentences of paragraph 50, and (ii) respectfully refers the Court to the Plan's

Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan

participants pursuant to 29 C.F.R. § 2550.404a-5, for a complete and accurate statement of their

contents.

51.     To the extent that the allegations of paragraph 51 consist of legal

conclusions, no response is required or appropriate.  To the extent that a response is required,

Goldman Sachs denies the allegations of paragraph 51, except it (i) denies that the allegations of

the first sentence of paragraph 51 completely and accurately describe the scope of fiduciary duties under ERISA, and (ii) respectfully refers the Court to (a) the Plan's Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5, and (b) the annual prospectuses for Goldman Sachs mutual funds (ECF No. 34, Exs. 1-4) for a complete and accurate statement of their contents.

52.     Goldman Sachs denies the allegations of paragraph 52, except it respectfully refers the Court to (i) the Plan's Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5, and (ii) the annual prospectuses for Goldman Sachs mutual funds (ECF No. 34, Exs. 1-4) for a complete and accurate statement of their contents.

53.     Goldman Sachs denies the allegations of paragraph 53.

54.     Goldman Sachs denies the allegations of paragraph 54.

55.     Goldman Sachs denies the allegations of paragraph 55, except it respectfully refers the Court to (i) the Plan's Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5, and (ii) the annual prospectuses for Goldman Sachs mutual funds (ECF No. 34, Exs. 1-4) for a complete and accurate statement of their contents.

56.     Goldman Sachs denies the allegations of paragraph 56, except it respectfully refers the Court to (i) the Plan's Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5, and (ii) the annual prospectuses for Goldman Sachs mutual funds (ECF No. 34, Exs. 1-4) for a complete and accurate statement of their contents.

57.     Goldman Sachs denies the allegations of paragraph 57.

58.     Goldman Sachs denies the allegations of paragraph 58 and footnotes 1 and 2, except it admits and avers that (i) the Goldman Sachs Large Cap Value, Goldman Sachs Mid Cap Value, Goldman Sachs Core Fixed Income Fund, and Goldman Sachs Short Duration Government Fund were removed as investment options under the Plan on April 4, 2017, (ii) the Goldman Sachs High Yield Fund was removed as an investment option under the Plan on June 6, 2017, and (iii) the Victory Sycamore Established Value Fund was added as an investment option under the Plan on April 4, 2017.

59.     Goldman Sachs denies the allegations of paragraph 59.

60.     Goldman Sachs denies the allegations of paragraph 60.

61.     Goldman Sachs denies the allegations of paragraph 61, except it admits and avers that (i) between December 2013 and December 2016, the Plan had more than $300 million invested in the Goldman Sachs Mid Cap Value Fund, and (ii) the Plan's investments represented 7% or more of the Mid Cap Value fund at one point between August 2013 and February 2017.

62.     Goldman Sachs denies the allegations of paragraph 62, except it denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of paragraph 62.

63.     Goldman Sachs denies the allegations of paragraph 63, except it admits and avers that (i) the Goldman Sachs Large Cap Value Fund was removed as Plan investment option on April 4, 2017, (ii) prior to its removal, the Plan held approximately 10% of the total assets of the Goldman Sachs Large Cap Value Fund, and (iii) prior to their removal, the Plan held 5% or more of total assets of the Goldman Sachs Core Fixed Income Fund and the Goldman Sachs Short Duration Government Fund.

64.     Goldman Sachs denies the allegations of paragraph 64 and footnotes 3 and 4, except it (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of footnote 3, (ii) admits and avers that the Goldman Sachs Emerging Markets Equity Fund and Goldman Sachs Strategic Income Fund were added as investment options under the Plan in 2016 and 2014, respectively, and (iii) respectfully refers the Court to the cases cited and quoted therein for a complete and accurate statement of their contents.

65.     Goldman Sachs denies the allegations of paragraph 65.

66.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67.     Goldman Sachs denies the allegations of paragraph 67, except it (i) admits and avers that it disclosed the investment options available in the Plan as of November 2013, and (ii) respectfully refers the Court to the Plan's Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5, for a complete and accurate statement of their contents.

68.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     To the extent that the allegations of paragraph 69 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs (i) denies that the allegations of the first sentence of paragraph 69 completely and accurately describe the scope of fiduciary duties under ERISA, (ii) denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69, and (iii) respectfully refers the Court to the article cited in footnote 5 and the

Plan's Performance, Risk Measures, and Fees disclosures (ECF No. 32, Exs. 8-11), provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5, for a complete and accurate statement of their contents.

70.     Goldman Sachs denies the allegations of paragraph 70, except it denies knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 6.

71.     Goldman Sachs denies the allegations of paragraph 71, except it admits and avers that the Victory Sycamore Established Value Fund was added as an investment option under the Plan on April 4, 2017.

72.     Goldman Sachs denies the allegations of paragraph 72.

73.     Goldman Sachs denies the allegations of paragraph 73 and footnote 7, except it admits and advers that between October 2013 and November 2015, the Plan held Institutional shares of Goldman Sachs mutual funds.

74.     Goldman Sachs denies the allegations of paragraph 74.

75.     Goldman Sachs denies the allegations of paragraph 75.

76.     Goldman Sachs denies the allegations of paragraph 76, except it admits and avers that starting around November 2015, the Plan held R6 shares.

77.     Goldman Sachs denies the allegations of paragraph 77.

78.     Goldman Sachs denies the allegations of paragraph 78, except it denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's knowledge.

79.     To the extent that the allegations of paragraph 79 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required,

Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 79, except it respectfully refers the Court to the statutory provisions and rule referenced therein for a complete and accurate statement of their contents.

80.     To the extent that the allegations of paragraph 80 and footnote 8 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 80 and footnote 8, except it admits and avers that Plaintiff purports to describe the putative class he seeks to represent and to reserve the right to modify that proposed class.

81.     To the extent that the allegations of paragraph 81 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 81.

82.     To the extent that the allegations of paragraph 82 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 82.

83.     To the extent that the allegations of paragraph 83 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 83.

84.     To the extent that the allegations of paragraph 84 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required,

Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 84.

85.   To the extent that the allegations of paragraph 85 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 85.

86.   To the extent that the allegations of paragraph 86 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 86, and it respectfully refers the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

87.   To the extent that the allegations of paragraph 87 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of paragraph 87.

88.   Goldman Sachs avers that paragraph 88 asserts legal conclusions that do not require a response, and it respectfully refers the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

89.   To the extent that the allegations of paragraph 89 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 89, except it respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

90.     To the extent that the allegations of paragraph 90 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 90 completely and accurately describe the scope of fiduciary duties under ERISA, and it respectfully refers the Court to the case cited and quoted therein for a complete and accurate statement of its contents.

91.     Goldman Sachs denies the allegations of paragraph 91.

92.     Goldman Sachs denies the allegations of paragraph 92, except it respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

93.     Goldman Sachs denies the allegations of paragraph 93, except it respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

94.     Goldman Sachs denies the allegations of paragraph 94, except it respectfully refers the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

95.     Goldman Sachs denies the allegations of paragraph 95, except it respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

96.     Goldman Sachs avers that paragraph 96 asserts legal conclusions that do not require a response.

97.     To the extent that the allegations of paragraph 97 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 97, except it (i) admits and avers that the

Goldman Sachs mutual funds were serviced by Goldman Sachs subsidiaries, including GSAM, and (ii) respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

98.     Goldman Sachs denies the allegations of paragraph 98, except it respectfully refers the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

99.     Goldman Sachs denies the allegations of paragraph 99, except it (i) admits and advers that it reported to the Department of Labor from 2013 to 2017 that it did not engage in any non-exempt prohibited transactions with parties-in-interest during the reporting period, and (ii) respectfully refers the Court to the Plans' Form 5500 reports (ECF No. 32, Exs. 3-7) for a complete and accurate statement of their contents.

100.    Goldman Sachs denies the allegations of paragraph 100.

101.    Goldman Sachs avers that paragraph 101 asserts legal conclusions that do not require a response.

102.    Goldman Sachs denies the allegations of paragraph 102, except it respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

103.    Goldman Sachs denies the allegations of paragraph 103, except it respectfully refers the Court to the statutory provision referenced therein for a complete and accurate statement of its contents.

104.    To the extent that the allegations of paragraph 104 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 104.

105.     Goldman Sachs denies the allegations of paragraph 105.

106.     To the extent that the allegations of paragraph 106 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of the last sentence of paragraph 106 completely and accurately describe the scope of fiduciary duties under ERISA, and it denies the other allegations of paragraph 106.

107.     To the extent that the allegations of paragraph 107 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 107 completely and accurately describe the scope of fiduciary duties under ERISA.

108.     To the extent that the allegations of paragraph 108 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs denies that the allegations of paragraph 108 completely and accurately describe the scope of fiduciary duties under ERISA.

109.     Goldman Sachs denies the allegations of paragraph 109.

110.     Goldman Sachs denies the allegations of paragraph 110.

111.     Goldman Sachs denies the allegations of paragraph 111, except it respectfully refers the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

112.     Goldman Sachs denies the allegations of the Prayer for Relief, except it admits and avers that the Prayer for Relief purports to describe the relief that Plaintiff seeks.

## DEFENSES

Goldman Sachs states the following defenses and reserves its right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, Goldman Sachs does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are speculative and uncertain.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks constutional and statutory standing to assert those claims.

### FOURTH DEFENSE

Plaintiff's claimed relief is not permitted by law.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the limitations period set forth in Section 10.6 of the Plan Document.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Goldman Sachs acted at all times and in all respects with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and otherwise did not engage in any conduct that would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Goldman Sachs' actions were both procedurally and substantively prudent.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff exercised independent control over his plan accounts.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable losses or damages from his claims.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the injuries alleged by Plaintiff, to the extent any exist, were not directly or proximately caused, in whole or in part, by Goldman Sachs.

**TWELFTH DEFENSE**

To the extent Plaintiff has stated a claim on which relief can be granted, Plaintiff has proximately caused, contributed to, or failed to mitigate any and all losses claimed.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### FOURTEENTH DEFENSE

Any damage, loss, or liability must be reduced, diminished, and/or eliminated in proportion to the acts, omissions, and conduct of entities or individuals other than Goldman Sachs under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, comparative fault, or other applicable law.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the challenged fees and expenses were not excessive or unreasonable.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies under the Plan.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff released or covenanted to not sue Goldman Sachs regarding Plaintiff's claims.

### EIGHTEENTH DEFENSE

Plaintiff's prohibited transaction claims are barred, in whole or in part, by reason of one or more available statutory, class, or individual prohibited transaction exemptions.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither The Goldman Sachs Group, Inc. nor The Goldman Sachs 401(k) Plan Retirement Committee is liable for the acts of any other defendant.

**TWENTIETH DEFENSE**

This action may not be maintained as a class action because Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**RESERVATION OF RIGHTS**

Goldman Sachs expressly and specifically reserves the right to raise any additional defenses and claims not asserted herein of which it may become aware through discovery or other investigation, and will amend or modify its answer accordingly. Goldman Sachs further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

**PRAYER FOR RELIEF**

Based upon the foregoing, Goldman Sachs prays that (i) judgment be entered dismissing the Complaint on the merits, in its entirety and with prejudice, and (ii) this Court grant such other relief as it deems just and appropriate.

Dated: New York, New York
      August 21, 2020

/s/ Richard C. Pepperman II
_____
Richard C. Pepperman II
Thomas C. White
Maya Krugman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: 212-558-4000
Facsimile: 212-558-3588
peppermanr@sullcrom.com
whitet@sullcrom.com
krugmanm@sullcrom.com

*Attorneys for Defendants*