UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Leonid Falberg, as representative of a class of
similarly situated persons, and on behalf of the
Goldman Sachs 401(k) Plan,

                        Plaintiff,

                v.

The Goldman Sachs Group, Inc., The Goldman
Sachs 401(k) Plan Retirement Committee, and John
Does 1-20,

                        Defendants.

**OPINION AND ORDER**

19 Civ. 9910 (ER)

Ramos, D.J.:

        On October 25, 2019, Leonid Falberg, a participant in the Goldman Sachs 401(k)

Plan (the "Plan"), brought this proposed class action on behalf of the Plan and all others

similarly situated alleging that the Plan's sponsor and managers[1] violated the Employee

Retirement Income Security Act of 1974 ("ERISA").  On July 9, 2020, this Court denied

Defendants' motion to dismiss the complaint for failure to state a claim and for

procedural deficiencies including untimeliness and lack of exhaustion.  Doc. 43.  Now

pending before this Court is Defendants' motion for a certificate of appealability with

respect to the threshold timeliness and exhaustion issues.  Doc. 57.  For the reasons stated

in the Court's July Order, and set forth below, Defendants' motion is DENIED.

---

[1] The Plan's sponsor is the Goldman Sachs Group, Inc., and the Plan's managers are The Goldman Sachs
401(k) Retirement Committee and its members (collectively, "Defendants").

I.      **Factual Background**[2]

Plaintiff brought this proposed class action alleging that Defendants breached their duties of loyalty and prudence, engaged in prohibited transactions, and failed to monitor Plan fiduciaries in violation of ERISA.  Doc. 1.  On January 27, 2020, Defendants moved to dismiss the complaint arguing in relevant part that Plaintiff's claims were neither timely nor exhausted under the express terms of the Plan.  Doc. 31 at 28-29; Doc. 38 at 15.

The Plan provides that "a claim or action . . . that relates to the Plan and seeks a remedy, ruling or judgment of any kind against the Plan or a Plan fiduciary or party in interest . . . , may not be commenced in any court or forum until after the claimant has exhausted the Plan's claims and appeals procedures" and specifies that any claim must be raised within a 24-month limitations period.  Doc. 32-1 at § 10.6.

In response, Plaintiff argued that because its claims were statutory ERISA claims, rather than ERISA benefits claims, there was no need to exhaust administrative remedies before raising those claims in district court.  Doc. 35 at 29-30.  On timeliness, Plaintiff argued that ERISA's statute of limitations provision, § 1113, which provides a six-year limitations period under these circumstances, controls.  *Id.* at 30.

 On July 9, 2020, the Court denied Defendants' motion to dismiss in its entirety ("July Order").  Doc.  43.  The Court found that, "[i]n the absence of controlling authority that the parties can agree to set a shorter statute of limitations period than ERISA provides for his claims, the Court declines to bar Plaintiff's claims on this basis."  *Id.* at 11.  The Court also refused to dismiss Plaintiff's claims for lack of exhaustion.  *Id.* at 12-

---

[2] The Court assumes the parties' familiarity with the facts and holdings in its July 9, 2020 Opinion and Order and only sets forth those necessary to decide this motion.

13.  The Court reasoned that, while the circuits are split on whether statutory ERISA claims must be administratively exhausted, and the Second Circuit has yet to address it, the courts in this District do not enforce exhaustion in this context.  *Id.*  In addition, the Court concluded that exhaustion would have been futile.  *Id*. at 13.

On August 14, 2020, Defendants moved, pursuant to 28 U.S.C. § 1292(b), to certify the Court's July Order for interlocutory appeal.  Doc. 57.  Defendants' motion challenges the Court's timeliness and exhaustion rulings.  Doc. 58.

## II.      Standard

Section 1292 of Title 28 of the United States Code grants district courts discretion to certify an issue for interlocutory appeal where that issue involves "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  Accordingly, § 1292(b) "must be strictly construed" and "only 'exceptional circumstances [will] justify a departure'" from the final judgment rule.  *Colon ex rel. Molina v. BIC USA, Inc.*, No. 00 Civ. 3666 (SAS), 2001 WL 88230, at *1 (S.D.N.Y. Feb. 1, 2001) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990)) (alteration in *Colon*).

"Whether to certify a question for interlocutory appeal is trusted to the sound discretion of the district court," which may deny certification even if the statutory criteria are satisfied.  *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 9

(E.D.N.Y. 2007).  Moreover, "[t]he fact that district courts have the power to certify questions for interlocutory appeal in no way suggests that interlocutory appeal should be the norm."  *Id.* at 10.  Indeed, the Second Circuit has held that, although § 1292(b) was designed as a means of making interlocutory appeals available, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  *Koehler*, 101 F.3d at 865.  Thus, the Second Circuit has also "repeatedly emphasized that district courts must 'exercise great care in making a § 1292(b) certification.'"  *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 491-92 (S.D.N.Y. 2001) (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

## III.    Discussion

### A.    Timeliness

Because reversal of the Court's July Order with respect to timeliness would result in dismissal of this matter entirely, the parties do not dispute that timeliness is a controlling question of law that would advance the termination of the litigation.  *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 389, 392 (S.D.N.Y. 2020) (explaining that "a question of law is controlling if reversal of the district court's order would terminate the action" and that the third factor of advancing the termination of the litigation is "closely connected") (citation omitted).  The parties' dispute thus centers on whether there is substantial ground for difference of opinion from the Court's July Order finding Plaintiff's claims timely, and whether this case is otherwise exceptional.  Neither circumstance exists here.

Defendants argue that, following the Supreme Court's decision in *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99 (2013), there is considerable ground for

difference of opinion on whether a Plan may set its own limitations period for statutory
ERISA claims, which are expressly covered by § 1113, ERISA's limitations provision.
The Court disagrees.

     In *Heimeshoff*, the Supreme Court determined that a contractual limitations
provision is enforceable in an ERISA benefits case, for which ERISA provides no
statutory limitations period, unless there is "a controlling statute to the contrary" or the
limitations period is unreasonable.  *Heimeshoff*, 571 U.S. at 102, 105-06.  While the
Supreme Court did not define a "controlling statute to the contrary[,]" it expressly noted
that Heimeshoff did not argue that § 1113 was a controlling statute, which "at minimum
suggests . . . that the Court is inclined to see § 1113 as a controlling statute."  *Id.* at 110;
*Sargent v. Southern California Edison 401(k) Savings Plan*, No. 20 Civ. 1296 (MMA)
(RBB), 2020 WL 6060411, at *8 (S.D. Cal. Oct. 14, 2020); *see also Chelf v. Prudential
Ins. Co. of Am.*, No. 17 Civ. 736 (GNS), 2018 WL 4219424, at *7 (W.D. Ky. Sept. 5,
2018) (finding § 1113 governed breach of fiduciary duty claim despite plan's limitation
provision); *Winburn v. Progress Energy Carolinas, Inc.*, No. 11 Civ. 3527 (RBH), 2015
WL 505551, at *11 (D.S.C. Feb. 6, 2015) (finding the Supreme Court "specifically
distinguished" § 1113 from its holding in *Heimeshoff* and applying § 1113 to a statutory
ERISA claim instead of plan's limitation provision).[3]

     In the year following *Heimeshoff*, in a case involving the duty of prudence, the
Supreme Court found that "trust documents cannot excuse trustees from their duties

---

[3] It also bears noting that, in this Circuit, courts have found that "[i]f the parties to a contract intend for a
provision to act as a bar to claims brought under federal law, *they must specifically refer to such federal
claims, and clearly express the intent to limit the period in which a party could bring an action based upon
federal claims.*"  *Vega v. Federal Express Corp.*, No. 09 Civ. 7637 (RJH) (GWG), 2011 WL 4494751, at
*5 n.4 (S.D.N.Y. Sept. 29, 2011) (citing *Van-Go Transport Co., Inc. v. New York City Bd. of Educ.*, 53 F.
Supp. 2d 278, 284 (E.D.N.Y. 1999) (emphasis and alteration in *Vega*).  Section 10.6 of the Plan does not
reference ERISA.  Doc. 32-1 at § 10.6.

under ERISA." *Fifth Third Bankcorp v. Dudenhoeffer*, 573 U.S. 409, 422-23 (2014)
(citations omitted).  And, most recently, in *Intel Corp. Inv. Policy Comm. v. Sulyma*, the
Supreme Court explained that § 1132(a)(2) claims "*must* be filed within one of three time
periods" pursuant to § 1113.  140 S. Ct. 768, 774 (2020) (emphasis added).  *Heimeshoff*,
together with *Dudenhoeffer* and *Intel Corp.*, strongly suggest that § 1113 controls in this
context.

Defendants cite only four non-binding cases from outside this District finding that
parties can set their own limitations period for statutory ERISA claims despite § 1113.
*Hewitt v. W. & S. Fin. Grp. Flexible Benefits Plan*, No. 17-5862, 2018 WL 3064564 (6th
Cir. Apr. 18, 2018); *Chiappa v. Cumulus Media, Inc.*, No. 20 Civ. 847 (TWT) (N.D. Ga.
Dec. 16, 2020); *Tawater v. Health Care Serv. Corp.*, No. 18 Civ. 47 (GF) (BMM), 2018
WL 6310280 (D. Mont. Dec. 3, 2018); *IJKG Opco LLC v. Gen. Trading Co.*, No. 17 Civ.
6131 (KM) (JBC), 2018 WL 3019885 (D.N.J. June 18, 2018).  None is persuasive.  In
*Hewitt*, an unpublished, non-precedential decision, the Sixth Circuit found that a *pro se*
plaintiff was blocked from raising his breach of fiduciary duty claim by his plan's
limitations period.  2018 WL 3064564, at *2; *U.S. v. Libbey-Tipton*, 948 F.3d 694, 702
(6th Cir. 2020) ("an unpublished opinion . . . has no precedential value").  Relying on
dicta in *Heimeshoff*, the *Hewitt* Court reasoned that § 1113 is not a controlling statute
because it does not expressly prohibit parties from setting a shorter limitations period.
2018 WL 3064564, at *2 (citing *Heimeshoff*, 571 U.S. at 107) (explaining in dicta that
parties may "contract around a default statute of limitations" but cannot do so when the
statute of limitations prohibit setting shorter limitations periods).  For the same reasons,
in *Chiappa v. Cumulus Media, Inc.*, the Northern District of Georgia found that § 1113 is

not a controlling statute and applied the plan's limitations period to bar plaintiffs' statutory ERISA claims.  Doc. 71-1 at 5-7.  In *Tawater*, the District of Montana similarly found that the parties could "contract around" § 1113 and applied a contractual limitations period to plaintiff's benefits and statutory claims.  2018 WL 6310280, at *4. 2018 WL 6310280, at *4.[4]  But not one of these cases considers that *Heimeshoff* expressly distinguishes § 1113 from its holding.  *Heimeshoff*, 571 U.S.at 110.  And, though all were decided after *Dudenhoeffer*, none of these cases takes into account the Supreme Court's holding that parties cannot agree by contract to limit ERISA's statutory duty of prudence.  *Dudenhoeffer*, 573 U.S. at 422-23.

Finally, in the third case, *IJKG*, the District of New Jersey found that a plan limitations period applied to fiduciary duty claims and benefits claims alike because the plan is at the center of ERISA claims.  2018 WL 3019885, at *6 (relying on *Heimeshoff*, 571 U.S. at 108) (finding rule "is especially appropriate when enforcing an ERISA plan" because "the plan . . . is the center of ERISA" and employers "have large leeway to design disability and other welfare plans as they see fit.") (citations omitted).  But, for statutory ERISA claims, the plan is not the central element of the case.  *See, e.g.*, *Stolarz v. Rosen*, No. 03 Civ. 3083 (JGK), 2005 WL 2124545, at *4 (S.D.N.Y. Aug. 26, 2005) (explaining that, in breach of fiduciary duty cases, exhaustion is unnecessary because the court's expertise in interpreting the statute is more pertinent than the administrator's expertise in the plan).

---

[4] The only other cases Defendants cite that follow the reasoning in *Hewitt* and *Chiappa* occur outside of ERISA's unique context and are thus inapposite.  *See* Docs. 58 at 14 n.7; 64 at 5-7; *Intel*, 140 S. Ct. at 774; *Dudenhoeffer*, 573 U.S. at 422-23; *Heimeshoff*, 571 U.S.at 110.

Defendants' reliance on only four cases outside of this District does not make for substantial grounds for difference of opinion. *Sussman v. I.C. Sys., Inc.*, No. 12 Civ. 181 (ER), 2013 WL 5863664, at *2 (S.D.N.Y. Oct. 30, 2013) (finding there was not substantial grounds for difference of opinion where movant cited only one out-of-District case conflicting with the Court's order); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. MDL 1358 (SAS), 2005 WL 39918, at *3 (S.D.N.Y. Jan. 6, 2005) ("[D]isagreement outside this Circuit [does not] demonstrate a substantial ground for a difference of opinion."). Indeed, "one differing Circuit Court opinion is not enough to establish a *substantial* grounds for difference of opinion." *Segedie v. The Hain Celestial Grp., Inc.*, No. 14 Civ. 5029 (NSR), 2015 WL 5916002, at *4 (S.D.N.Y. Oct. 7, 2015).

Even if the Court could find substantial grounds for difference of opinion on this issue, this case is not exceptional. When considering whether a case is exceptional, "[t]he efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *In re Blech Sec. Litig.*, No. 19 Civ. 7696 (RWS), 2003 WL 134988, at *2 (S.D.N.Y. Jan. 17, 2003) (citing *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991)); *see also In re MTBE Prods. Liab. Litig.*, 174 F. Supp. 2d 4, 9 (S.D.N.Y. 2001) (considering whether interlocutory appeal is an efficient use of judicial resources by evaluating, *inter alia*, the probability of reversal on appeal). In the seven plus years since *Heimeshoff* was decided, four of the eight courts that have considered this narrow issue have held that § 1113 controls. Moreover, section 1292(b) was passed "to ensure that the

courts of appeals would be able to rule on . . . ephemeral questions of law that might disappear in the light of a complete and final record." *In re Liddle & Robinson, L.L.P.*, No. 20 Civ. 865 (ER), 2020 WL 4194542, at *6 (S.D.N.Y. July 21, 2020) (quoting *In re Lehman Bros. Holdings Inc.*, No. 13 Civ. 2211 (RJS), 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014)).  Timeliness is not such an issue.  *In re Residential Capital*, No. 14 Civ. 9711 (RJS), 2015 WL 5729702, at *7 (S.D.N.Y. Sept. 30, 2015).  It would be a waste of judicial resources to certify such an issue for interlocutory appeal.

Accordingly, Defendants' motion is denied with respect to timeliness.

**B.      Exhaustion**

The motion is also denied with respect to the exhaustion issue as it fails to satisfy any of the § 1292 factors.  As an initial matter, there is no substantial ground for disagreement regarding whether statutory ERISA claims must be exhausted in this District.  Though the Second Circuit has admittedly yet to address this issue, *see McCulloch v. Bd. of Trustees of SEIU Affiliates Officers & Emps. Pension Plan*, 686 F. App'x 68, 69 (2d Cir. 2017), the Second Circuit has also recognized that district courts in this Circuit "have routinely dispensed with the exhaustion prerequisite where plaintiffs allege a statutory ERISA violation," *see Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 102 (2d. Cir. 2005) (quoting *De Pace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 558 (E.D.N.Y. 2003) (collecting cases).  *See also Fernandez v. Wells Fargo Bank, N.A.*, Nos. 12 Civ. 7193, 7194 (PKC), 2013 WL 3465856, at *6 (S.D.N.Y. July 9, 2013); *Stolarz*, 2005 WL 2124545, at *4; *Campanella v. Mason Tenders' Dist. Council Pension Plan*, 299 F. Supp. 2d 274, 281 (S.D.N.Y. 2004).  But, as the Second Circuit has held, "the mere presence of a disputed issue that is a question of first impression,

standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914 (KPF), 2014 WL 1316472, at *6 (S.D.N.Y. Apr. 1, 2014) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

Of the nine circuits to have addressed the question of whether to require exhaustion of administrative remedies in statutory ERISA cases, seven agree with this Court's July Order finding exhaustion unnecessary. *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 564 (6th Cir. 2017); *Am. Chiropractic Ass'n v. Am. Specialty Health Inc.*, 625 F. App'x 169, 173 (3d Cir. 2015) (citing *Zipf v. Am. Telephone and Telegraph Co.*, 799 F.2d 889, 893 (3d Cir. 1986)); *Stephens v. Pension Benefit Guar. Corp.*, 755 F.3d 959, 967 (D.C. Cir. 2014); *Spindex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1294 (9th Cir. 2014); *Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006); *Smith v. Sydnor*, 184 F.3d 356, 364-65 (4th Cir. 1999); *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990). "The fact that there is a [sic] some level of disagreement among the courts does not mean, however, that the standards of 1292(b) are necessarily satisfied." *MTBE Prods. Liab. Litig.*, 2005 WL 39918, at *3 n.15 (citing *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000)). Indeed, a circuit split alone does not necessitate an interlocutory appeal. In *Natale v. Mount Sinai Med. Ctr.*, the court denied the plaintiff's motion for a certificate of appealability on an issue despite the existence of a circuit split on which the Supreme Court had granted certiorari because the law in the Second Circuit was clear. No. 90 Civ. 8144 (RJW), 1993 WL 321575, at *1 (S.D.N.Y. Aug. 18, 1993).

Defendants point to the minority view followed by courts in the Seventh and Eleventh Circuits for support. *See, e.g.*, *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217,

1224 (11th Cir. 2008); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996);

*Powell v. AT&T Commc'ns, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991); *Fleming v. Rollins,*

*Inc.*, No. 19 Civ. 5732, Order at 9-10 (ELR) (N.D. Ga. Nov. 23, 2020).  Defendants

recognize that courts in this District have repeatedly dispensed with any exhaustion

requirement for statutory ERISA claims, but argue that those non-binding decisions from

outside of this Circuit are more persuasive authority.  Docs. 58 at 16; 69; 69-1.  The

Court disagrees.

In *Lindeman v. Mobil Oil Corp*, the Seventh Circuit concluded that whether a

claim seeks ERISA benefits or asserts a statutory violation, exhaustion of administrative

remedies is a valuable threshold requirement because it builds a record for the reviewing

court, "minimize[s] the number of frivolous lawsuits, promote[s] a non-adversarial

dispute resolution process, and decrease[s] the cost and time of claims settlement."  79

F.3d at 650.  Courts finding with the majority, however, have found these considerations

"inapposite" when considering exhaustion of statutory ERISA claims.  *Zipf*, 799 F.2d at

893.  As the Fourth Circuit has held, "[u]nlike a claim for benefits under a plan, which

implicates the expertise of a plan fiduciary, adjudication of a claim for a violation of an

ERISA statutory provision involves the interpretation and application of a federal statute,

which is within the expertise of the judiciary."  *Smith*, 184 F.3d at 365.  "[O]ne of the

primary justifications for an exhaustion requirement in other contexts, deference to

administrative expertise, is simply absent."  *Id.* (citing *Zipf*, 799 F.2d at 893).  "Indeed,

there is a strong interest in judicial resolution of these claims, for the purpose of

providing a consistent source of law to help plan fiduciaries and participants predict the

legality of proposed actions. "  *Id.*

In addition, "mere[ly] claim[ing] that the district court's ruling was incorrect does not demonstrate a substantial ground for a difference of opinion." *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 986 F. Supp. 2d 524, 543 (S.D.N.Y. 2014) (quoting *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)). To assert a substantial ground for difference of opinion, "there must be substantial doubt that the district court's order was correct." *Segedie*, 2015 WL 5916002, at *3 (citation omitted). A *possibility* that the outcome might be different on appeal is not enough. *Id.*

Resolution of this issue will also not result in or materially advance the termination of this litigation because the Court found exhaustion would have been futile in this case.[5]  Doc. 43 at 13; *Tantaros*, 465 F. Supp. 3d at 389, 392.  Defendants argue now, for the first time, that Plaintiff has failed to make a "*clear and positive showing* that pursuing available administrative remedies would be futile[,]" but the cases upon which Defendants rely evaluated futility at the summary judgment stage or have no precedential effect.  Doc. 58 at 19 (emphasis added); *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (citing *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)); *Diamond v. Local 807 Labor Mgmt. Pension Fund*, 595 F. App'x 22, 24-25 (2d Cir. 2014) (summary order affirming dismissal on exhaustion grounds because complaint did not sufficiently allege futility).  On a motion to dismiss, courts in this District have found allegations of "bad faith on the part of the Plan's

---

[5] Even if the minority rule were adopted in this Circuit, futility would save Plaintiff's claims. *Lanfear,* 536 F.3d at 1224 ("District courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate.") (citation omitted); *Lindemann*, 79 F.3d at 650 ("In order to come under the futility exception to the exhaustion requirement a plaintiff must show that it is certain that her claim will be denied on appeal, not merely that she doubts that an appeal will result in a different decision.") (citation omitted).

trustees and administrators" sufficient to allege futility of exhaustion.  *Gray v. Briggs*, No. 97 Civ. 6252 (DLC), 1998 WL 386177, at *7 (S.D.N.Y. July 7, 1998).[6]

Finally, this case is not exceptional.  Because district courts in this Circuit and the majority of the circuits have decided that exhaustion does not apply in this context, reversal is not probable.  *MTBE Prods. Liab. Litig.*, 174 F. Supp. 2d at 9 (considering, among other factors, "the probability of reversal on appeal" when evaluating whether an issue warrants permission for interlocutory appeal).  That the Second Circuit has repeatedly recognized that it was an open issue but declined to decide it suggests as much.  *McCulloch*, 686 F. App'x at 69; *Diamond*, 595 F. App'x at 24-25; *Nechis*, 421 F.3d at 101-02.

Defendants' motion is therefore denied with respect to exhaustion.

## IV.     Conclusion

For all of these reasons, Defendants' motion is denied.  The Court respectfully directs the Clerk to terminate the motion, Doc. 57.

The parties are directed to appear telephonically on **<u>January 21, 2021 at 10 a.m</u>**. for an initial pretrial conference.  The parties will call the Court using the following information:  877-411-9748; Access Code:  309857#.

SO ORDERED.

Dated:     December 28, 2020
           New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[6] Defendants also argue that the Administrative Committee, rather than the Defendant Retirement Committee, would preside over administrative proceedings under the Plan.  Doc. 58 at 19-20.  However, because the provisions of the Plan regarding appointment of members of each committee do not preclude membership overlap, and because no other facts are alleged on this issue, the Court declines to reject Plaintiff's futility argument on this basis at this juncture.  Doc. 32-1 at §§ 7.1, 7.2.