

Kai H. Richter
Direct: (612) 256-3278
Fax: (612) 338-4878
krichter@nka.com

4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

April 2, 2021

**VIA CM/ECF**
The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

*RE:  Falberg v. The Goldman Sachs Group, Inc. et. al*, No. 1:19-cv-09910-ER

Dear Judge Ramos,

Pursuant to Your Honor's Individual Practice Rule II.A.ii, we write on behalf of Plaintiff to request a pre-motion conference in advance of Plaintiff's anticipated motion for class certification, which is due May 1, 2021 under the Court's Scheduling Order (ECF No. 77).

As detailed in the briefing on Defendants' motion to dismiss (which this Court denied), Plaintiff brings this class action against the Goldman Sachs Group, and other fiduciaries of the Goldman Sachs 401(k) Plan ("Plan"), for breaching their fiduciary duties and engaging in prohibited self-dealing in violation of the Employee Retirement Income Security Act ("ERISA"). These claims are well-suited for class certification.  ERISA provides plan participants an express statutory right to bring suit in a representative capacity on behalf of a retirement plan, *see* 29 U.S.C. §§ 1109, 1132(a)(2), and it is well settled that "the distinctive representative capacity aspect of ERISA participant and beneficiary suits makes litigation of this kind a paradigmatic example of a [Rule 23](b)(1) class." *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 342 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, Plaintiff seeks class certification to provide participants in the Plan with the same opportunity for class-wide relief that is routinely granted to plan participants in other cases involving such ERISA claims in this District and across the country.[1]

As discussed below, the Rule 23 factors are easily met. Indeed, the defendants in several similar cases have *stipulated* to class certification. *See Reetz v. Lowe's Companies, Inc.*, No. 5:18-

---

[1] *See Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019); *Cunningham v. Cornell Univ.*, 2019 WL 275827, (S.D.N.Y. Jan. 22, 2019); *Cates v. The Trustees of Columbia University in the City of New York et. al*, 1:16-cv-06524, ECF No. 210 (S.D.N.Y. Nov. 13, 2018); *Sacerdote v. New York Univ.*, 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018); *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 149 (S.D.N.Y. 2017); *Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) *leave to appeal denied*, 2017 WL 6506349 (2d Cir. Dec. 19, 2017); *In re Marsh ERISA Litig.*, 265 F.R.D. 128 (S.D.N.Y. 2010); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004*); Koch v. Dwyer*, 2001 WL 289972 (S.D.N.Y. Mar. 23, 2001); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018); *Tracey v. MIT*, 2018 WL 5114167 (D. Mass. Oct. 19, 2018); *Henderson v. Emory Univ.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018); *Short v. Brown Univ.,* 320 F. Supp. 3d 363 (D.R.I. 2018*); Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018); *Bowers v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017); *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825, ECF No. 88 (D. Mass. Dec. 13, 2016) (text order); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559 (D. Minn. 2014); *In re Northrup Grumman Corp. ERISA Litig.*, 2011 WL 3505264 (C.D Cal. Mar. 29, 2011); *Kanawi v. Bechtel Corp.,* 254 F.R.D. 102 (N.D. Cal. 2008).

cv-00075, Dkt. No. 94 (W.D.N.C. Oct. 28, 2020); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25, 2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017); *accord Baker v. John Hancock Life Ins. Co.*, No. 1:20-cv-10397, Dkt. No. 53 at 1 (D. Mass. Feb. 12, 2021) (noting that "Defendants do not oppose Plaintiffs' motion for class certification"). Plaintiff therefore requests that the Court permit him to bring his class certification motion, notwithstanding any objections that the Defendants in this case may have.[2]

### I. The Four Rule 23(a) Factors are "Low Hurdles" Easily Surmounted in this Case.

Rule 23(a) sets forth four requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prod., Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997); Fed. R. Civ. P. 23(a). Each of these criteria are easily satisfied here.

First, numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The Second Circuit has held that 'numerosity is presumed at a level of 40 members ....'" *Hicks v. T.L. Cannon Corp.*, 35 F.Supp.3d 329, 350 (W.D.N.Y. 2014) (quoting *Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995)). Here, there are more than 30,000 participants in the Plan. *See ECF No. 1 ¶ 21*.

Second, commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is considered a "low hurdle" easily surmounted. *Cunningham*, 2019 WL 275827, at *5 (quotation omitted). "In a class action alleging a breach of a fiduciary duty under ERISA, '[i]n general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries.'" *Sacerdote*, 2018 WL 840364, at *3 (quoting *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004) (citation omitted)). The same is true here, as Defendants' conduct was uniform as to all class members.

Third, typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like commonality, "[t]he Typicality Requirement is 'not demanding.'" *In re MF Glob. Holdings Ltd. Inv. Litig.*, 2015 WL 4610874, at *5 (S.D.N.Y. July 20, 2015) (quotation omitted). Further, the "typicality requirement is often met in putative class actions brought for breaches of fiduciary duty under ERISA." *In re Marsh,* 265 F.R.D. at 143 (citation omitted). Numerous cases involving similar allegations of costly and underperforming proprietary funds in a 401(k) plan have held that the typicality requirement was satisfied. *Leber*, 323 F.R.D. at 162 (citing *Krueger*, 304 F.R.D. at 573); *see also Moreno*, 2017 WL 3868803, at *7; *supra* at 1 n.1.

---

[2] In other class action cases brought against the company, Goldman Sachs has introduced arbitration clauses covering "any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters" in an attempt to eliminate portions of the class. *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 230 (S.D.N.Y. 2020). However, the Second Circuit recently held that arbitration clauses encompassing "all legal claims arising out of or relating to employment" do not encompass "breach of fiduciary duty claims…brought on behalf of the Plan under ERISA § 502(a)(2)" because such claims do not "'relate to' [] employment." *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173 (2d Cir. 2021). To the extent Defendants intend to argue that these arbitration clauses prevent class certification in this case, the Second Circuit has already repudiated that argument.

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This "entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (quotation omitted). Here, Plaintiff has no conflicts of interest with other class members, and will adequately represent the interests of the class. *See ECF No. 1 ¶ 83*. Additionally, Plaintiff has retained counsel experienced in ERISA class actions. *See Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803, at *11 (S.D.N.Y. Sept. 5, 2017) ("Plaintiffs' counsel [Nichols Kaster, PLLP] are experienced litigators who serve as class counsel in ERISA actions involving defined-contribution plans").

## II. This Case is a "Paradigmatic Example" of a Rule 23(b)(1) Class

Under Rule 23(b)(1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). As discussed above, "courts have noted that the distinctive 'representative capacity' aspect of ERISA participant and beneficiary suits makes litigation of this kind 'a paradigmatic example of a [23](b)(1) class.'" *In re Beacon Assocs. Litig.*, 282 F.R.D. at 342.

ERISA's fiduciary duties apply "with respect to a plan" and protect the "interest of the participants" collectively. *See* 29 U.S.C. § 1104. This case is brought on behalf of the Plan, and Rule 23(b)(1)(A) is satisfied because "allowing multiple individual cases risks incompatible results and issues of administration of the Plan[] that may have inconsistent effects across all plaintiffs." *Cunningham,* 2019 WL 275827, at *8; *see also Krueger,* 304 F.R.D. at 577 ("separate lawsuits by various individual Plan participants to vindicate the rights of the Plan could establish incompatible standards to govern Defendants' conduct, such as . . . determinations of differing 'prudent alternatives' against which to measure the proprietary investments[.]")

Additionally, the Advisory Committee Notes to Rule 23 recognize that class certification is appropriate under Rule 23(b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23 advisory committee notes (1966); *see also Banyai*, 205 F.R.D. at 165. "This case falls squarely within the meaning articulated by the Advisory Committee as Plaintiff[] allege[s] breaches of fiduciary duties affecting the Plan[] and the thousands of participants in the Plan[]." *Shanehchian v. Macy's, Inc.*, 2011 WL 883659, *10 (S.D. Ohio Mar. 10, 2011).

For all of these reasons, class certification should be granted under Rule 23(b)(1).

Respectfully submitted,

**NICHOLS KASTER, PLLP**

/s/ *Kai Richter*
Kai Richter, MN Bar No. 0296545*
Michele R. Fisher, NY#MF4600
Paul J. Lukas, MN#22084X*
Brock J Specht, MN#0388343*
Ben Bauer, MN#0398853*
4700 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
krichter@nka.com
mfisher@nka.com
lukas@nka.com
bspecht@nka.com
bmcdonough@nka.com
bbauer@nka.com

*appearing *pro hac vice*

ATTORNEYS FOR PLAINTIFF

cc: All counsel of record (via ECF)