# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

## MEMO ENDORSED

at page 3.

May 7, 2021

By ECF

The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 619
New York, New York  10007

Re:     *Falberg* v. *The Goldman Sachs Group, Inc., et al.*, No. 19 Civ. 09910 (ER) (S.D.N.Y.)

Dear Judge Ramos:

On behalf of Defendants, and in accordance with Rule 3.ii of Your Honor's Individual Practices, I respectfully request that the Court permit the redaction from Plaintiff's brief in support of class certification (ECF No. 84) and the accompanying exhibits of (i) information that personally identifies current and former Goldman Sachs employees and other third parties, (ii) competitively sensitive pricing information, and (iii) information about mutual funds and other investment options not at issue in this action.  The specific redactions Defendants seek are identified in Appendix A hereto.  Defendants also request that Plaintiff's Exhibit 38 remain under seal.  The parties conferred on May 6–7, 2021, and Plaintiff takes no position on these requests.

The rebuttable "presumption of public access attaches" only to "judicial documents." *Mirlis* v. *Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020).  Merely filing a document with the Court is "'insufficient to render that paper a judicial document.'"  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).  Rather, the document must be "relevant to the performance of the judicial function" and "useful in the judicial process."  *Mirlis*, 952 F.3d at 59 (quoting *Amodeo I*, 44 F.3d at 145).  Even if a document constitutes a "judicial document," the Court "must identify all of the factors that legitimately counsel against disclosure . . . and balance those factors against" any "presumption of access."  *Id.* at 59 (citing *United States* v. *Amodeo*,71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*") and *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Those factors support the redactions requested here.

*First*, information identifying individual employees and nonparties, such as names, telephone numbers, and email addresses, should be redacted.  The Second Circuit has "reiterat[ed] that 'the privacy interests of innocent third parties should weigh heavily in a court's balancing

equation.'" *Mirlis*, 952 F.3d at 61 (quoting *Amodeo II*,71 F.3d at 1050) (internal alterations omitted). Here, the privacy interests of the current and former Goldman Sachs employees and nonparty individuals counsel in favor of continued redaction of their personally identifying information. *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties . . . including home addresses, biographical information, telephone numbers and compensation"). Indeed, the proposed redactions are consistent with this District's ECF Privacy Policy, which requires redaction of certain "personal identifiers."

*Second*, the pricing and other financial arrangements the Goldman Sachs 401(k) Plan maintains with its service providers and that Goldman Sachs Asset Management ("GSAM") maintains with its investors are commercially sensitive business information that should be redacted. *See In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (sealing "confidential information relating to competitive pricing data and strategy" because "the privacy interests of the affected non-parties are sufficient to overcome the presumption of access" and the proposed redactions are "narrowly tailored to serve such interests" and "essential to preserve higher values") (internal quotation marks omitted). The public disclosure of these pricing and other financial arrangements could provide competitors with insight into non-public business operations and pricing strategies. Courts in this District routinely permit this type of information to be redacted or sealed. *See Chen-Oster* v. *Goldman, Sachs & Co.*, No. 10 Civ. 6950, ECF No. 881 (S.D.N.Y. Oct. 12, 2019) (permitting redaction of pricing arrangements of Goldman Sachs' third-party vendors); *GoSMiLE, Inc.* v. *Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (sealing "[m]aterial concerning the defendants' . . . costs and budgeting"); *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (financial records are a type of "specific business information . . . that a competitor would seek to exploit") (internal quotations and citations omitted).

*Third*, information related to analysis of mutual funds and other investment options not at issue in this action should be redacted because they are entirely irrelevant and risk revealing competitively sensitive investment strategies. As a threshold matter, this information is not entitled to any "presumption of access" because it is neither "relevant to the performance of the judicial function" nor "useful in the judicial process." *Mirlis*, 952 F.3d at 59 (quoting *Amodeo I*, 44 F.3d at 145). Now that Defendants have had the opportunity to review the lengthy exhibits submitted with Plaintiff's brief, the parties have agreed to re-file certain exhibits identified in Appendix A with such information excerpted. The excerpted portions of these documents describe confidential investment strategies, recommendations, and analysis. "The interest in protecting 'business information that might harm a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon*, 435 U.S. at 598). Courts in this District routinely permit redaction and sealing of such competitively sensitive business information. *See Louis Vuitton*, 97 F. Supp. 3d at 511 ("Specific business . . . strategies [] if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.") (internal quotation marks and citations omitted); *Gelb* v. *AT&T*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal based on "defendants' assertion that its competitors who do not now have this

information could use it to do competitive injury to the defendants" even though exhibits sought to be sealed "are not 'trade secrets' in the traditional sense").

The Court likewise should permit redaction of Plaintiff's Exhibit 10, which contains all of the minutes of Goldman Sachs Retirement Committee meetings that Defendants have produced in this action covering a more than four-year time period. Because Plaintiff's brief does not cite the vast majority of these minutes, and the argument section of the brief does not cite Exhibit 10 at all, the exhibit is not a "judicial document" subject to "the right of public access." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo I*, 44 F.3d at 145). Moreover, disclosing the Retirement Committee's confidential discussions of particular funds and fund managers would risk hurting business relationships and chilling the Committee's willingness to have open dialogue in the future. Defendants have proposed targeted redactions from Exhibit 10 of personally identifying information and information unrelated to the five mutual funds at issue in this action, as set forth in Appendix A.

*Fourth*, Defendants cannot consent to public filing of Plaintiff's Exhibit 38 because it is a third party's confidential fee information. Defendants have contacted this third party and will promptly provide an update to the Court once the third party provides its position regarding the confidentiality of this document. In the meantime, Defendants request that the document remain sealed.

For the foregoing reasons, Defendants respectfully request that the Court permit the redactions set forth in Appendix A and also request that Plaintiff's Exhibit 38 remain under seal.

Respectfully submitted,

*/s/ Richard C. Pepperman II*

Richard C. Pepperman II

cc:     All Counsel of Record (By ECF)

---

Defendants' request and Plaintiff's motion for leave to file certain documents under seal are granted. The Court permits the redactions from Plaintiff's brief, Doc. 84. The Parties are directed to re-file the exhibits with redactions by May 13, 2021. Exhibit 38 shall remain under seal until such time as the Defendants provide an update to the Court regarding the third party's position on its confidentiality. The Clerk of Court is respectfully directed to terminate the motion, Doc. 81.

It is SO ORDERED.

Edgardo Ramos, U.S.D.J.

Dated:  05/10/2021

New York, New York