IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Leonid Falberg, as representative of a class of similarly situated persons, and on behalf of The Goldman Sachs 401(k) Plan,

    Plaintiff,

- against -

The Goldman Sachs Group, Inc., The Goldman Sachs 401(k) Plan Retirement Committee, and John Does 1–20,

    Defendants.

---

**MEMO ENDORSED**

Civil Case No. 1:19-cv-09910-ER

> The application is  X   granted
>                             ____ denied
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 06/15/2021
> New York, New York
>
> The Clerk of Court is respectfully directed to terminate the motion, Doc. 98.

## DEFENDANTS' MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL

Pursuant to Section 3.ii of the Court's Individual Practices, Defendants hereby move this Court for an order allowing them to file the following documents, filed contemporaneously herewith in opposition to Plaintiff's Motion for Class Certification, under seal:

- unredacted copies of the exhibits to the Declaration of Richard C. Pepperman II, the Declaration of Kristen L. Willard, Ph.D., and the Declaration of Christopher Ceder, which have been designated as "Confidential" pursuant to the Stipulation and Protective Order in this action (ECF No. 48), entered on July 24, 2020; and

- unredacted copies of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification, the Declaration of Richard C. Pepperman II, the Declaration of Kristen L. Willard, Ph.D., and the Declaration of Christopher Ceder,

that, if filed publicly, would disclose much of the confidential material contained in those exhibits.

The parties conferred on June 11, 2021, and Plaintiff takes no position on this Motion to Seal.

Appendix A sets forth the documents that Defendants will file and propose to maintain under seal in full.  Appendix B sets forth the documents that Defendants will file and propose to maintain under seal and propose to redact the versions of those documents filed in the public record.  For certain voluminous records with multiple pages redacted in full, Defendants will excerpt the version of the document filed publicly and include a slip-sheet noting the excerpted pages so as not to burden the Court, the parties or the public with excessively large public versions of the exhibits.

Defendants incorporate and rely on the arguments set forth in their May 7, 2021 Letter to the Court (ECF No. 90), which the Court endorsed on May 10, 2021 (ECF No. 91), for permitting the unredacted documents filed in connection with Plaintiff's motion to remain under seal.  The confidential information that Defendants propose to maintain under seal, whether in whole or in redacted form, is consistent in kind with (and, in some cases, identical to) the confidential information filed by Plaintiff that the Court has previously ruled is properly protected from public disclosure.  *See* Memo Endorsement Terminating Plaintiff's Motion For Leave To File Certain Documents Under Seal (ECF No. 91, May 10, 2021).

This includes redactions of (i) information that personally identifies current and former Goldman Sachs employees and other third parties, such as names, telephone numbers, and email addresses, *see United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); (ii) sensitive pricing information and other financial arrangements, *see In re Digital Music Antitrust Litig.*,

321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (sealing "confidential information relating to competitive pricing data and strategy" because "the privacy interests of the affected non-parties are sufficient to overcome the presumption of access" and the proposed redactions are "narrowly tailored to serve such interests" and "essential to preserve higher values") (internal quotation marks omitted); and (iii) information about mutual funds and other investment options not at issue in this action that are entirely irrelevant and risk revealing sensitive investment strategies, *see Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting 'business information that might harm a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption.") (internal quotation marks omitted). The specific redactions Defendants seek are identified and explained in Appendix B hereto.

In addition, the documents that Defendants seek to keep under seal include detailed and confidential information on the consideration provided by Goldman Sachs to terminated employees, which other courts recognize as sensitive. *See*, *e.g.*, *Cancro* v. *Credit Agricole Indosuez Severance Pay Program*, 2009 WL 8573475, at *5 (S.D.N.Y. Apr. 15, 2009) (permitting party to file separation agreements marked confidential under seal).

For the foregoing reasons, Goldman Sachs respectfully requests that the Court enter an Order allowing Defendants to file the documents set forth in Appendix A and Appendix B under seal in connection with Defendants' opposition to Plaintiff's Motion for Class Certification.

Dated: New York, New York
      June 14, 2021

/s/ *Richard C. Pepperman II*
Richard C. Pepperman II
Thomas C. White
Mark A. Popovsky
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  212-558-4000
Facsimile:  212-558-3588
peppermanr@sullcrom.com
whitet@sullcrom.com
popovskym@sullcrom.com

*Attorneys for Defendants*