**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Leonid Falberg, as representative of a
class of similarly situated persons, and
on behalf of The Goldman Sachs 401(k)
Plan,

                Plaintiff,

        - against -

The Goldman Sachs Group, Inc., The
Goldman Sachs 401(k) Plan Retirement
Committee, and John Does 1–20,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMO ENDORSED**

Civil Case No. 1:19-cv-09910-ER

The application is _ x _ granted
                ____ denied

Edgardo Ramos, U.S.D.J.
Dated: 11/17/2021
New York, New York

**DEFENDANTS' MOTION FOR LEAVE TO FILE**
**CERTAIN DOCUMENTS UNDER SEAL**

Pursuant to Section 3.ii of the Court's Individual Practices, Defendants hereby move this

Court for an order allowing them to file the following documents, filed contemporaneously

herewith in opposition to Plaintiff's Motion to Compel Production of Documents Designated as

Privileged, under seal:

- Exhibits 2-4, 6, 8, and 10-11 to the Declaration of Thomas C. White, which have
  been designated as "Confidential" pursuant to the Stipulation and Protective
  Order in this action (ECF No. 48), entered on July 24, 2020; the Declaration of
  Alan Wilmit; and the Declaration of Eric Serron; and

- an unredacted copy of Defendants' Memorandum of Law in Opposition to
  Plaintiff's Motion to Compel Production of Documents Designated as Privileged
  and the Declaration of Thomas C. White, that, if filed publicly would disclose
  much of the confidential material contained the above-referenced documents.

The parties conferred on November 16, 2021, and Plaintiff takes no position on this motion.

The Supreme Court recognizes that the public has a presumptive right to inspect "judicial

records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However,

the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*").  Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."  *Id.* The Second Circuit has ruled that although "evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access," *Brown* v. *Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach," *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*").

Here, Defendants propose that the Court permit the above-described redactions and maintain under seal Exhibit Nos. 2-4, 6, 8, and 10-11 to the Declaration of Thomas C. White, the Declaration of Alan Wilmit, and the Declaration of Eric Serron filed in support of Defendants' opposition to Plaintiff's motion.  Exhibits 3 and 8 consist of minutes and materials from meetings of the Goldman Sachs 401(k) Plan Retirement Committee (the "Committee").  Exhibits 2 and 11 consist of excerpts from the depositions of current and former Goldman Sachs employees taken in this case.  Exhibits 4 and 10 consist of confidential communications between Goldman Sachs personnel that were produced by Defendants under the protective order.  Exhibit 6 consists of a letter exchanged between the parties' counsel that identifies detailed identifying information on current and former Goldman Sachs employees.  The Declarations of Alan Wilmit and Eric Serron describe specific privileged and confidential communications between Goldman Sachs personnel and their counsel.  All of these materials reflect confidential information and documents that were "passed between the parties in discovery" and therefore are not subject to a presumption of public access.  *See Amodeo II*, 71 F.3d at 1050.  These materials also reflect confidential information that

is consistent in kind with the information that the Court has previously ruled is properly protected from public disclosure.  (*See* ECF Nos. 91, 108, 121, 138.)

In addition, all of the materials contain information identifying individual employees and nonparties, such as the names, telephone numbers, and email addresses of current and former Goldman Sachs employees.  The privacy interests of the current and former Goldman Sachs employees and nonparty individuals counsel in favor of continued redaction of their personally identifying information.  *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties . . . including home addresses, biographical information, telephone numbers and compensation").  Exhibits 3, 4, 8 and 10 also contain information that describes confidential investment strategies, recommendations, and analysis, including confidential discussions of particular third-party funds and fund managers.  The disclosure of these materials would risk hurting business relationships and chilling the Committee's willingness to have open dialogue in the future.  Courts in this District routinely permit redaction and sealing of such competitively sensitive business information.  *See Louis Vuitton*, 97 F. Supp. 3d at 511 ("Specific business . . . strategies . . . if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.") (internal quotation marks and citations omitted).

For the foregoing reasons, Defendants respectfully request that the Court enter an Order allowing Defendants to file the above-referenced documents in redacted form and under seal in connection with Defendants' opposition to Plaintiff's Motion to Compel Production of Documents Designated as Privileged.

Dated: New York, New York
November 16, 2021

/s/ *Thomas C. White*

Richard C. Pepperman II
Thomas C. White
Mark A. Popovsky
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  212-558-4000
Facsimile:  212-558-3588
peppermanr@sullcrom.com
whitet@sullcrom.com
popovskym@sullcrom.com

*Attorneys for Defendants*