SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 15, 2022

By ECF

The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 619
New York, New York  10007

> Re: *Falberg* v. *The Goldman Sachs Group, Inc., et al.*,
> No. 19 Civ. 09910 (ER) (S.D.N.Y.)

Dear Judge Ramos:

On behalf of Defendants, and in accordance with Rule 3.ii of Your Honor's Individual Practices, I respectfully request that the Court permit the redaction from Plaintiff's February 9, 2022 letter (ECF No. 159) (the "Letter") regarding Defendants' letter motion for conference (ECF No. 155).  Plaintiff takes no position on these requests. (ECF. No. 158.)

The Supreme Court recognizes that the public has a presumptive right to inspect "judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  However, the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."  *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*").  Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."  *Id.*  In the context of a motion for summary judgment, the "presumption of access" may be "appreciably weaker."  *United States* v. *Graham*, 257 F.3d 143, 151 (2d Cir. 2001).  If a district court "denie[s] the summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing."  *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*") (quotation omitted).

Here, Defendants propose that the Court permit and maintain under seal redactions to the Letter.  The information that has been redacted and filed under seal on pages 1 and 2 of the Letter includes excerpts and detailed references to materials that this Court has previously ordered filed under seal.  These include references to and quotes of sealed class certification briefing (*see* ECF No. 83 at 4-12) and a sealed motion to compel discovery briefing (ECF No. 132).  Defendants incorporate and rely on their arguments set forth in their letters to seal the underlying briefing material, (ECF Nos. 90, 98, 153), which the Court has previously reviewed and endorsed. (ECF

The Honorable Edgardo Ramos                                                                                    -2-

Nos. 91, 108, 152, 154.)  These materials therefore reflect confidential information that is consistent in kind with (and indeed largely identical to) the information that the Court has previously ruled is properly protected from public disclosure.

In addition, the redactions on page 3 of the Letter also contain information that describes confidential investment analysis comparing third-party funds and fund managers as well as the details of contractual relationships between third-parties.  The disclosure of these materials would risk hurting business relationships and chilling the Committee's willingness to have open dialogue in the future.  Courts in this District routinely permit redaction and sealing of such competitively sensitive business information.  *See Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) ("Specific business . . . strategies . . . if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.") (internal quotation marks and citations omitted).  This information is similarly consistent in kind with the information that the Court has previously ruled is properly protected from public disclosure.  (*See, e.g.*, ECF No. 154.)

For the foregoing reasons, Defendants respectfully request that the Court permit the redactions set forth in Plaintiff's Letter to remain under seal.

                                                                                            Respectfully submitted,

                                                                                           */s/ Thomas C. White*

                                                                                           Thomas C. White

cc:      All Counsel of Record (By ECF)