**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Leonid Falberg, as representative of a class of similarly situated persons, and on behalf of The Goldman Sachs 401(k) Plan,

Plaintiff,

- against -

The Goldman Sachs Group, Inc., The Goldman Sachs 401(k) Plan Retirement Committee, and John Does 1–20,

Defendants.

**MEMO ENDORSED**

Civil Case No. 1:19-cv-09910-ER

The application is _x_ granted
____ denied

Edgardo Ramos, U.S.D.J.
Dated: 03/01/2022
New York, New York

**DEFENDANTS' MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**

Pursuant to Section 3.ii of the Court's Individual Practices, Defendants hereby move this Court for an order allowing them to file the following documents, filed contemporaneously herewith in support of Defendants' Motion for Summary Judgment and Motion to Exclude Certain Opinions of Dr. Brian C. Becker, under seal or in redacted form:

- Exhibits 3, 4, 10-18, 21-38, and 40-65 to the Declaration of Thomas C. White in Support of Defendants' Motion for Summary Judgment, which have been designated as "Confidential" pursuant to the Stipulation and Protective Order in this action (ECF No. 48) ("Protective Order"), entered on July 24, 2020;
- an unredacted copy of Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment and the accompanying Declaration of Thomas C. White and Local Rule 56.1 Statement of Material Facts, that, if filed publicly would disclose much of the confidential material contained the above-referenced documents; and
- Exhibits 1, 3-5, and 7-9 to the Declaration of Richard C. Pepperman II in Support of Defendants' Motion to Exclude Certain Opinions of Dr. Brian C. Becker, which have been designated as "Confidential" pursuant to the Protective Order.

The parties conferred on February 25, 2022, and Plaintiff takes no position on this motion.

The Supreme Court recognizes that the public has a presumptive right to inspect "judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* In the context of a motion for summary judgment, the "presumption of access" may be "appreciably weaker." *United States* v. *Graham*, 257 F.3d 143, 151 (2d Cir. 2001). If a district court "denie[s] the summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*") (quotation omitted).

Here, Defendants propose that the Court permit and maintain under seal Exhibit Nos. 3, 4, 10-18, 21-38, and 40-65 to the Declaration of Thomas C. White in support of Defendants' Motion for Summary Judgment, and Exhibit Nos. 1, 3-5, and 7-9 to the Declaration of Richard C. Pepperman II in support of Defendants' Motion to Exclude Certain Opinions of Dr. Brian C. Becker. The information that has been redacted and filed under seal includes materials that this Court has previously ordered filed under seal, including in a sealed class certification filing (*see* ECF No. 83). Defendants incorporate and rely on the arguments set forth in their letters to seal such material, (ECF Nos. 90, 98, 153), which the Court has previously reviewed and endorsed. (ECF Nos. 91, 108, 152, 154.) These materials therefore reflect confidential information that is consistent in kind with (and indeed largely identical to) the information that the Court has previously ruled is properly protected from public disclosure.

The documents that Defendants seek to maintain under seal or in redacted form contain confidential investment analysis comparing third-party funds and fund managers as well as the details of contractual relationships between third-parties. Exhibits 21-38 and 40-57 to the Declaration of Thomas C. White and Exhibits 7 and 8 to the Declaration of Richard C. Pepperman II consist of confidential materials produced in this case related to the meetings of the Goldman Sachs 401(k) Plan Retirement Committee (the "Committee"), the materials considered by the Committee, and relevant decisions reached by the Committee, as well as confidential communications between Goldman Sachs personnel that were produced by Defendants pursuant to the Protective Order. Exhibits 10-18 to the Declaration of Thomas C. White consist of excerpts from the depositions of current and former Goldman Sachs employees taken in this case, as well as confidential information contained in declarations previously filed under seal. In addition, Exhibits 58-65 to the Declaration of Thomas C. White and Exhibits 1, 3-5, and 9 to the Declaration of Richard C. Pepperman II consist of expert reports prepared in this case that analyze, quote, and rely on confidential information and documents produced by Defendants pursuant to the Protective Order, as well as transcripts of expert depositions taken in this case containing discussions of such confidential information. All of these materials reflect confidential information that is consistent in kind with the information that the Court has previously ruled is properly protected from public disclosure. (*See* ECF Nos. 91, 108, 121, 138.) The disclosure of these materials would also risk hurting business relationships and chilling the Committee's willingness to have open dialogue in the future. Courts in this District routinely permit redaction and sealing of such competitively sensitive business information. *See Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) ("Specific business . . . strategies . . . if revealed, may provide

valuable insights into a company's current business practices that a competitor would seek to exploit.") (internal quotation marks and citations omitted).

In addition, the materials that Defendants seek to maintain under seal contain information identifying individual employees and nonparties, such as the names, telephone numbers, and email addresses of current and former Goldman Sachs employees. The privacy interests of the current and former Goldman Sachs employees and nonparty individuals counsel in favor of continued redaction of their personally identifying information. *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties . . . including home addresses, biographical information, telephone numbers and compensation").

For the foregoing reasons, Defendants respectfully request that the Court enter an Order allowing Defendants to file the above-referenced documents in redacted form and under seal in connection with Defendants' Motion for Summary Judgment and Motion to Exclude Certain Opinions of Dr. Brian C. Becker.

Dated: New York, New York
February 28, 2022

/s/ *Thomas C. White*

Richard C. Pepperman II
Thomas C. White
Mark A. Popovsky
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: 212-558-4000
Facsimile: 212-558-3588
peppermanr@sullcrom.com
whitet@sullcrom.com
popovskym@sullcrom.com

*Attorneys for Defendants*