**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
Leonid Falberg, as representative of a :
class of similarly situated persons, and :
on behalf of The Goldman Sachs 401(k) :
Plan, :
:
               Plaintiff, :     Civil Case No. 1:19-cv-09910-ER
:
          - against - :
:
The Goldman Sachs Group, Inc., The :
Goldman Sachs 401(k) Plan Retirement :
Committee, and John Does 1–20, :
:
             Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MOTION FOR LEAVE TO FILE**
**CERTAIN DOCUMENTS UNDER SEAL**

      Pursuant to Section 3.ii of the Court's Individual Practices, Defendants hereby move this

Court for an order allowing them to file the following documents, filed contemporaneously

herewith in support of Defendants' Motion to Exclude Certain Class Members from the Class and

to Compel Them to Arbitration, under seal or in redacted form:

- Exhibits 1-8 and Appendix A to the Declaration of Thomas C. White and
  Exhibits 1-6 to the Declaration of Aime Hendricks in Support of Defendants'
  Motion to Exclude Certain Class Members from the Class and to Compel Them to
  Arbitration, which have been designated as "Confidential" pursuant to the
  Stipulation and Protective Order in this action (ECF No. 48) ("Protective Order"),
  entered on July 24, 2020; and

- an unredacted version of the Declaration of Thomas C. White, that, if filed
  publicly would disclose much of the confidential material contained the above-
  referenced documents.

The parties conferred on April 8, 2022, and Plaintiff takes no position on this motion.

The Supreme Court recognizes that the public has a presumptive right to inspect "judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* The Second Circuit has ruled that "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Defendants respectfully request that the Court maintain under seal or in redacted form the above-referenced documents, which include sensitive information that identifies class members who signed severance agreements with Goldman Sachs. The documents to be filed under seal include materials that this Court has previously ordered filed under seal, including in a sealed class certification filing (*see* ECF No. 83). Defendants incorporate and rely on the arguments set forth in their letter to seal such material, (ECF No. 90), which the Court has previously reviewed and endorsed. (ECF Nos. 91.) These materials therefore reflect confidential information that is consistent in kind with (and indeed largely identical to) the information that the Court has previously ruled is properly protected from public disclosure.

The documents that Defendants seek to maintain under seal or in redacted form contain detailed identifying information about absent class members, including their names, employment history, and the economic terms of their severance payments, in which they have a privacy interest. *See, e.g.*, *SEC* v. *Ahmed*, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing employment agreements containing confidential business information). The privacy interests of the former

Goldman Sachs employees counsel in favor of maintaining under seal their personally identifying information and information related to the discretionary severance benefits offered to them. *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties . . . including home addresses, biographical information, telephone numbers and compensation").

Moreover, with limited exceptions for boilerplate provisions in which the public has no interest, the separation agreements set out confidential, non-public and commercially sensitive information describing the economic terms and other terms of separation offered by Goldman Sachs to members of the class. These confidential and private commercial arrangements should remain under seal, as their disclosure could hamper Goldman Sachs's ability to orderly manage reductions in force and other separations in the future, and will disclose to competitors details of Goldman Sachs's approach to these highly sensitive arrangements. Other courts have recognized the sensitivity of separation agreements and have maintained them under seal. *See, e.g.*, *Cancro* v. *Credit Agricole Indosuez Severance Pay Program*, 2009 WL 8573475, at *5 (S.D.N.Y. Mar. 24, 2009) (permitting party to file separation agreements marked confidential under seal").

For the foregoing reasons, Defendants respectfully request that the Court enter an Order allowing Defendants to file the above-referenced documents under seal or in redacted form in connection with Defendants' Motion to Exclude Certain Class Members from the Class and to Compel Them to Arbitration.

Dated: New York, New York
      April 8, 2022

/s/ *Thomas C. White*
Richard C. Pepperman II
Thomas C. White
Mark A. Popovsky
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  212-558-4000
Facsimile:  212-558-3588
peppermanr@sullcrom.com
whitet@sullcrom.com
popovskym@sullcrom.com

*Attorneys for Defendants*